IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HORACE L. AMERSON, | |
| Petitioner, | 8:24CV440 |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the Court on Respondent's Motion for Summary Judgment (the "MSJ"), and related briefing submitted by the parties. *See* Filing Nos. 11, 13, 14, 15 & 18. For the reasons that follow, the Court orders additional briefing in accordance with this Memorandum and Order.

Respondent moves for summary judgment arguing that Petitioner Horace L. Amerson's Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed as barred by the limitations period set forth in 28 U.S.C. § 2244(d). Filing No. 14. For his part, Petitioner admits that the statute of limitations expired but asserts he is still entitled to proceed under the so-called "miscarriage of justice" exception set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Filing No. 15. However, Petitioner provides no facts in support of his conclusory assertions that he can meet the standard. *Id.*

The Court has carefully reviewed the MSJ and the submissions made by both parties and finds the record is presently insufficient to determine whether Petitioner is able to meet the "miscarriage of justice" exception set forth in *Schlup* requiring a petitioner alleging actual innocence "to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "'actual innocence'

means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (citation omitted in original). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup*, 513 U.S. at 316).

While Petitioner asserts he should be allowed to proceed under the miscarriage of justice exception under *Schlup*, as there are no facts which could support the crime for which he was convicted, *see* Filing No. 15 at 2, he provides no facts in support of his conclusory assertions that he can meet the standard. Such assertions are "insufficient to support a claim of actual innocence." *See Huggans v. Werlich*, No. 4:18-CV-1935 JAR, 2019 WL 3820929, at *2 (E.D. Mo. Aug. 14, 2019); *Harris v. Norris*, No. 5:08CV00158JLH, 2008 WL 4418308, at *4 (E.D. Ark. Sept. 25, 2008) (vague and conclusory statements do not satisfy the *Schlup* standard).

As Petitioner has not alleged any new evidence of innocence, let alone evidence of innocence that is so strong that a court cannot have confidence in the outcome of this case, Petitioner may not proceed under the miscarriage of justice exception as currently briefed. In the interest of justice, the Court shall order the parties to provide additional briefing *only* on the issue of the miscarriage of justice exception prior to ruling on the MSJ.

IT IS THEREFORE ORDERED that:

1. Petitioner shall file a supplemental brief no later than **February 23, 2026**, limited to the merits of Petitioner's allegation that he should be entitled to proceed under the "miscarriage of justice" exception as set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

2. No later than 30 days after Petitioner files his supplemental brief, Respondent shall file and serve a brief in response. In the event that Respondent elects not to file a brief in response, he should inform the Court by filing a notice stating that he will not file a brief and that the merits of the MSJ are therefore fully submitted for decision.

3. Petitioner shall submit no other documents unless directed to do so by the Court.

4. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 23, 2026**: check for Petitioner's supplemental brief.

Dated this 22nd day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3