IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HORACE L. AMERSON,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:24CV440**

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Amend Supplemental Brief (the "Motion") filed on March 2, 2026, Filing No. 24, and an Amended Supplemental Brief (the "Amended Supplement") filed on March 9, 2026, Filing No. 25, filed by Petitioner Horace L. Amerson ("Petitioner"). In his Motion Petitioner seeks 14 days to amend his supplemental brief in support of his opposition to Respondent's Motion for Summary Judgment (the "MSJ") at Filing No. 11. *Id.* As this Court granted Respondent's MSJ and closed the case on February 27, 2026, *see* Filing Nos. 22 & 23, the Court construes Petitioner's filing either as a motion to alter or amend judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from judgment filed pursuant to Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).

As an initial matter, it appears that Petitioner's Motion cannot proceed under Rule 59(e) as it does not meet the substantive Rule 59(e) criteria. A Rule 59(e) motion serves the limited function of correcting manifest errors of law or

fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Here, Petitioner filed his habeas petition in this Court on November 12, 2024. Filing No. 1. Respondent filed his MSJ, state court records in support, a statement of undisputed material facts, and a supporting brief on March 6, 2025. *See* Filing Nos. 11-14. Petitioner filed his brief in opposition, Filing No. 15, to which Respondent replied, Filing No. 18. Upon review of the MSJ and the submissions made by both parties, this Court found that Petitioner appeared to admit his Petition was submitted after the statute of limitations in 28 U.S.C. § 2244(d) had expired but the record was insufficient to determine whether Petitioner was able to meet the standard to proceed under the so-called "miscarriage of justice" exception set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Filing No. 19. The Court granted Petitioner leave to file a supplemental brief addressing the merits of the miscarriage of justice exception and gave him through and until February 23, 2026, to comply. *Id.* at 3. Petitioner filed his supplemental brief on February 19, 2026, Filing No. 20, and Respondent filed a notice on February 23, 2026, that he would not file a supplemental reply brief. The Court granted Respondent's MSJ and closed the case finding that the Petition was untimely and that neither Petitioner's MSJ response nor his supplemental brief addressed any new evidence or any support for factual innocence. Filing No. 22 at 5-6.

As Petitioner does not argue that he seeks to reopen his case to correct an error of law or fact or to present newly discovered evidence, *see* Filing No. 24 (seeking to reopen due to lack of understanding of this Court's order requiring him to supplement his brief in opposition to the MSJ and limited time in which to comply due to his incarceration), Petitioner's Motion to Reopen, if brought under Rule 59(e), would fail.

Rule 60(b), on the other hand, provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6), and that a motion seeking relief under Rule 60(b) "must be made within a reasonable time—and for reason[] (1) . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, Petitioner's Motion to Reopen was filed within a reasonable time as it was received less than a week after the order and judgment of dismissal was filed, therefore the Court considers the merits of Petitioner's Motion under Rule 60(b).

Petitioner's contention that he failed to supplement his brief appropriately to address the miscarriage of justice exception to the statute of limitations is best analyzed as a claim of "excusable neglect," which is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010) (cleaned up). To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (cleaned up). "The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (cleaned up).

In his Motion, Petitioner asserts that until he read this Court's Memorandum and Order granting the MSJ and closing the case he did not fully

understand what he needed to address in his supplemental briefing. Filing No. 24 at 1. He further submits that he was "rushing [to complete the supplemental brief] due to time and inadequate use of the law library, [and] because mail only get[s] mailed out [from the institution where he is housed] once or twice a week" so he hurried to submit something in order to not miss the deadline to comply with this deadline to supplement. *Id.*

The Court finds that Petitioner meets the Rule 60(b)(1) and (6) standard. As such the Motion shall be granted, the case shall be reopened, and the Memorandum and Order granting the MSJ shall be withdrawn and the corresponding Judgment dismissing the Petition with prejudice shall be set aside and vacated. The Court shall consider the Amended Supplement when addressing the MSJ and shall allow Respondent 30 days to file a response.

IT IS THEREFORE ORDERED:

1.    Petitioner's Motion, Filing No. 24, treated as a motion filed pursuant to Rule 59(e) or Rule 60(b), is granted. The Court shall consider the Amended Supplement, Filing No. 25, when addressing the MSJ.

2.    The Court's Memorandum and Order entered on February 27, 2026, Filing No. 22 is withdrawn.

3.    The Court's Judgment entered on February 27, 2026, Filing No. 23, is set aside and vacated.

4.    Respondent shall have 30 days in which to file a response to the Amended Supplement at Filing No. 25.

5.    The Clerk of the Court is directed to set the following pro se case management deadline: **May 18, 2026**: check for response to Amended Supplement.

4

Dated this 16th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge